# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

|  |  |
|---|---|
| Kathleen Williams, | : |
| Plaintiff, | : Civil Action No.: 1:10-cv-1429 |
| v. | : |
|  | : |
| Windsor Group; and DOES 1-10, inclusive, | : **COMPLAINT** |
|  | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Kathleen Williams, by undersigned counsel,

states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's

personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer

debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      The Plaintiff, Kathleen Williams ("Plaintiff"), is an adult individual residing in

Pikesville, MD, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Windsor Group ("""), is a Texas business entity with an address of 10670 North Central Expressway Suite 440

6.     Dallas, Texas 75231

7.     , operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8.     Does 1-10 (the "Collectors") are individual collectors employed by  and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

9.     at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

10.     The Plaintiff incurred a financial obligation in the approximate amount of **ORIGINAL DEBT** (the "Debt") to **ORIGINAL CREDITOR** (the "Creditor").

11.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12.     The Debt was purchased, assigned or transferred to  for collection, or  was employed by the Creditor to collect the Debt.

13.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Engages in Harassment and Abusive Tactics

14.     Debt collectors have been rude, nasty on the phone, will send recording instead of

2

a live person

      15.     Collectors kept calling her at work

      16.     Collectors called and spoke to HR at her job and told HR person she needed to get in touch with Kathleen

      17.     left nasty message on Kathleen's phone

      18.     called Kathleen up to ten times per day on her cell phone

      19.     called up to twelve times per day while at work

      20.     abusive phone calls - someone yelling and screaming

      21.     (not sure if there were anything in the mail - will look through it - thinks no)

      22.     Kathleen has told them to stop calling her home, work, and cell phone. they have not ceased to call. asked them to stop calling her husband Ronald

      23.     left messages at work

      24.     asking when she will make a payment

      25.     caller threatened "legal action"

      26.     contacted her cousin - claimed her husband gave his name as a "reference" asked for location of husband

      27.

      28.     --last we heard, husband was going to send them a certified letter to stop

      29.

      30.

      31.

      32.

      33.

34.

**C.**  **Plaintiff Suffered Actual Damages**

35.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

36.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

37.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

40.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

41.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

42.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants

4

contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

43.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

44.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

45.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

46.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

47.     The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

48.     The Defendants' conduct violated 15 U.S.C. § 1692d(1) in that Defendants threatened the Plaintiff with violence against his person.

49.     The Defendants' conduct violated 15 U.S.C. § 1692d(1) in that Defendants threatened to harm the Plaintiff's property through criminal means.

50.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

51.     The Defendants' conduct violated 15 U.S.C. § 1692d(3) in that Defendants published a list of consumers, including the Plaintiff's name, as individuals who allegedly refused to pay their debts.

52.     The Defendants' conduct violated 15 U.S.C. § 1692d(4) in that Defendants advertised the Plaintiff's debt as "for sale."

53.     The Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

54.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

55.     The Defendants' conduct violated 15 U.S.C. § 1692e(1) in that Defendants falsely represented to the Plaintiff that it was affiliated with the United States or a government entity.

56.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

57.     The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

58.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

59.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with imprisonment if the Debt was not paid.

60.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of his property if the Debt was not paid.

61.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with attachment of his property if the Debt was not paid.

62.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

6

63.     The Defendants' conduct violated 15 U.S.C. § 1692e(6) in that Defendants misled the Plaintiff into believing that the sale or transfer of the debt would cause the Plaintiff to lose a claim or defense to payment of the Debt.

64.     The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

65.     The Defendants' conduct violated   in that Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

66.     The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants failed to report that the Debt was disputed to the credit bureaus.

67.     The Defendants' conduct violated 15 U.S.C. § 1692e(9) in that Defendants falsely misrepresented to the Plaintiff that the documents received by the Plaintiff from the Defendant were authorized by a court or official.

68.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

69.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

70.     The Defendants' conduct violated 15 U.S.C. § 1692e(12) in that Defendants falsely informed the Plaintiff that the Debt had been turned over to innocent purchasers for value.

71.     The Defendants' conduct violated 15 U.S.C. § 1692e(13) in that Defendants falsely misrepresented to the Plaintiff that the documents received by the Plaintiff from the Defendant were legal process.

72.     The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants used a name other than the true name of the debt collection agency.

73.     The Defendants' conduct violated 15 U.S.C. § 1692e(15) in that Defendants falsely informed the Plaintiff that no action was necessary when the Plaintiff had received legal process.

74.     The Defendants' conduct violated 15 U.S.C. § 1692e(16) in that Defendants falsely misled the Plaintiff into believing that the Defendant was operating or employed by a consumer reporting agency.

75.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

76.     The Defendants' conduct violated 15 U.S.C. § 1692f(2) in that Defendants attempted to solicit a post-dated check by more than five days, without three business days written notice of intent to deposit.

77.     The Defendants' conduct violated 15 U.S.C. § 1692f(3) in that Defendants solicited a post-dated check from the Plaintiff through threats of criminal prosecution.

78.     The Defendants' conduct violated 15 U.S.C. § 1692f(4) in that Defendants threatened to deposit the Plaintiff's post-dated check prior to the check's date.

79.     The Defendants' conduct violated 15 U.S.C. § 1692f(5) in that Defendants caused charges to be made to the Plaintiff.

80.     The Defendants' conduct violated 15 U.S.C. § 1692f(6) in that Defendants threatened to unlawfully repossess or disable the Plaintiff's property.

81.     The Defendants' conduct violated 15 U.S.C. § 1692f(7) in that Defendants communicated with the Plaintiff through postcard.

82.     The Defendants' conduct violated 15 U.S.C. § 1692f(8) in that Defendants indicated, through language and symbols, on an envelope addressed to the Plaintiff that the

communication concerned debt collection.

83.     The Defendants' conduct violated  15 U.S.C. § 1692h in that Defendants applied payments to a debt that was disputed.

84.     The Defendants' conduct violated 15 U.S.C. § 1692h in that Defendants did not apply payments to multiple debts in the order specified by the Plaintiff.

85.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

86.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

87.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

88.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

89.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

90.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

91.     The Defendants' conduct violated 15 U.S.C. § 1692i(a)(2) in that Defendants instituted a legal action in a location other than where the contract was signed or where the

Plaintiff resides.

92.     The Defendants' conduct violated 15 U.S.C. § 1692j in that Defendants falsely designed, furnished and compiled a form that created a belief in the Plaintiff that a person or agency other than the Defendant was collecting the Debt.

93.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

94.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

95.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

96.     The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

97.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

98.     The Defendants used or threatened force or violence against the Plaintiff, in violation of MD. Code Comm. Law § 14-202(1).

99.     The Defendants threatened criminal prosecution against the Plaintiff, in violation of MD. Code Comm. Law § 14-202(2).

100.     The Defendants disclosed or threatened to disclose information affecting the Plaintiff's reputation for creditworthiness, in violation of MD. Code Comm. Law § 14-202(3).

101.     The Defendants contacted the Plaintiff's employer, without having received a final judgment from a court, in violation of MD. Code Comm. Law § 14-202(4).

102.    The Defendants disclosed or threatened to disclose information to a person other than the Plaintiff or his spouse information affecting the Plaintiff's reputation, with knowledge that the third party the Defendants were contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

103.    The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

104.    The Defendants used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

105.    The Defendants attempted to claim and enforce a right which the Defendants did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

106.    The Defendants simulated legal process and sent papers to the Plaintiff which gave the appearance of being authorized or approved by a government agent or attorney, in violation of MD. Code Comm. Law § 14-202(9).

107.    The Plaintiff suffered emotional distress and mental anguish as a result of the Defendants' repeated contact.

108.    The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

109.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

110.    Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages to an emergency telephone line in violation of

47 U.S.C. § 227(b)(1)(A)(i).

111.    Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages to a hospital or health care facility in violation of 47 U.S.C. § 227(b)(1)(A)(ii).

112.    Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

113.    Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

114.    Without prior consent or outside of an established business relationship, the Defendants sent unsolicited faxes to the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(C).

115.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

116.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

117.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

118.    The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

12

119.    Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

120.    The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff **INSERT FACTS SHOWING HARASSMENT**.

121.    The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

122.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

123.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

124.    All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

<u>COUNT V</u>
<u>VIOLATION OF LICENSING REQUIREMENTS FOR COLLECTION AGENCIES</u>
<u>MD. ANN. CODE BUS. REG. § 7-101 et seq.</u>

125.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

126.    Defendant Windsor Group is a "collection agency" as defined by Md. Ann. Code. Bus. Reg. § 7-101(c).

127.    As a collection agency doing business within the state of Maryland, the Defendant is required to obtain a license under MD. Ann. Code.. Bus. Reg. § 7-301(a) and to execute a

surety bond under MD. Ann. Code. Bus. Reg. § 7-304(a).

128.    The Defendant is not in good standing and its license status is marked "forfeited" for "failure to file property return for 2008," as indicated by the Maryland Department of Assessments and Taxation.

129.    Under MD. Ann. Code. Bus. Reg. § 7-401(a), a person may not willfully or knowingly do business as a collection agency unless properly licensed.

130.    The Defendant is subject to the penalties imposed under MD. Ann. Code. Bus. Reg. § 7-401(b) for failure to obtain a license while doing business as collection agency in the state of Maryland and the Plaintiff is, therefore, entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8.  Punitive damages; and

9.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 3, 2010

Respectfully submitted,

By_/s/ Forrest E. Mays_____

Forrest E. Mays (Bar No. 07510)
2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
ATTORNEYS FOR PLAINTIFF